PACIFIC EMPLOYERS INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68722.   Promulgated November 19, 1935.

*F. Britton McConnell, Esq.*, for the petitioner.
*Arthur L. Murray, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent determined a deficiency in petitioner's income tax for the year 1930 in the amount of $1,193.45. Upon waiver by petitioner of several alleged errors there is presented but one issue for decision, namely, the amount allowable as a deduction for " losses incurred " within the meaning of section 204(b) (6) of the Revenue Act of 1928. The parties have stipulated that, if the method of computing the amount allowable now advocated by petitioner is proper, there is an overpayment of $1,212.24, otherwise the deficiency determined by the respondent is correct.

The facts were stipulated and we incorporate the written stipulation by reference as our findings of fact.

The petitioner is an insurance company other than a life or mutual company. It is a California corporation, its business is confined solely to the State of California, and is regulated by the laws of that state. It operates under a certificate of authority issued by the Insurance Commissioner of California. Its principal business is the writing of workmen's compensation insurance and approximately fourteen fifteenths of its net premium income was from this source in 1930. The balance of the premium income was from automobile liability, collision and property damage insurance, principally, and a small part from public liability and theft insurance.

In petitioner's income tax return for 1930 it claimed a deduction for losses incurred in the amount of $882,632.55 computed as follows:

| | | |
|---|---|---|
| Losses paid | | $865,801.55 |
| Unpaid losses end of 1930 | $660,980 | |
| Unpaid losses end of 1929 | 644,149 | |
| | | 16,831.00 |
| Losses incurred | | 882,632.55 |

The amounts of the unpaid losses as set out above were determined from estimates of the ultimate cost of final adjustment of each outstanding claim made by claims examiners, the total being the sum of the estimates on each claim. In making their estimates the claims examiners took into consideration a number of elements which might affect the ultimate cost of adjustment.

Petitioner filed with its 1930 income tax return a portion of its "Annual Statement for the Year Ending December 31, 1930, of the Condition and Affairs of the Pacific Employers Insurance Company" as shown on form "Miscellaneous Stock Companies—Convention Edition 1930." The portion of the statement so filed is from the "Annual Statement Approved by the National Convention of Insurance Commissioners" referred to in section 204(b)(1) of the Revenue Act of 1928. The annual statement so filed contains in the list of "Liabilities" an item designated "Reserve for accrued losses * * * $596,532.85." It also contains in the "Underwriting and Investment Exhibit" the following:

| | |
|---|--:|
| Losses paid | $865,801.55 |
| Add unpaid losses December 31 of current year | 596,532.85 |
| Total | 1,462,334.40 |
| Deduct unpaid losses December 31 of previous year | 440,318.52 |
| Losses incurred during the year | 1,022,015.88 |

The petitioner also filed the aforesaid annual statement with the Insurance Commissioner of California. The statement so filed contains an item of $33,879.10 designated "Total reserve for unpaid liability losses", and also an item of $554,363.75 designated "Total reserve for unpaid compensation losses." These two items total $588,242.85. Adding to this an item of $8,290 listed "Total net unpaid claims except liability and workmen's compensation" gives the figure of $596,532.85.

The items designated unpaid losses in the annual statement are computed in accordance with the laws of California (sec. 602(a), Political Code) and represent the highest aggregate reserve, after deduction for reinsurance, called for at the beginning and end of the year by the California law. The unpaid losses in the above amounts represent sums which have been actually held by the petitioner.

The petitioner now claims as a deduction for "losses incurred" the amount of $1,022,015.88, computed as above set out, in place of the $882,632.55 claimed in its return. In both computations the item of "losses paid" is the same, $865,801.55. The difference between the parties is as to the amount of "unpaid losses" to be taken into

consideration in determining the amount of " losses incurred " within the meaning of the statute.

Section 204 (b) of the Revenue Act of 1928 provides for the inclusion in gross income of investment and underwriting income " computed on the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners * * *." Among the deductions allowable in determining net income is that for losses, to be computed as follows (sec. 204 (b) (6)):

To losses paid during the taxable year, * * * add all unpaid losses outstanding at the end of the taxable year and deduct unpaid losses outstanding at the end of the preceding taxable year * * *.

The statutory provision for the use of the underwriting and investment exhibit is limited to the determination of gross income and does not follow through to the determination of net income. While the respondent has provided in article 992 of Regulations 74 that the " exhibit is presumed clearly to reflect true net income ", he has in the same sentence limited the scope of that presumption by stating that the exhibit will be recognized and used as a basis " in so far as it is not inconsistent with the provisions of the Act." Further, "All items of the exhibit, however, do not reflect an insurance company's income as defined in the Act." The proper use of the exhibit in determining income is that of a guide and not a limitation on the application of the statute. *American Title Co.*, 29 B. T. A. 479; affd., 76 Fed. (2d) 332.

In the case of ordinary corporations and of life insurance companies and mutual insurance companies other than life, the taxing statute makes provision for deduction of certain reserves in computing net income. No such provision is contained in the provisions relating to insurance companies other than life or mutual. Consequently, companies in the latter classification, as this petitioner is, are not entitled to deduct reserves even though they may be required by state law. *American Title Co., supra.*

The deduction now sought by the petitioner is a deduction for a reserve. While the figure of $596,532.85 now claimed to be unpaid losses at the end of 1930 is so listed in the underwriting and investment exhibit, the supporting schedules, as above pointed out, clearly show that the figures making up this sum are reserves. The details of the supporting schedules show that the starting point in the computation of the amounts making up the $596,532.85 is a percentage of earned premiums. In the schedule of computation of " Reserve for unpaid liability losses " the calculation is based on " 60% of earned premiums ", and in the " Reserve for unpaid workmen's compensa-

tion " there is used " 70% of earned premiums." Some of the figures for 1929 are given, but not the final result, and from those given it appears that the calculation for that year was made in the same way. Thus the amount now claimed by the petitioner appears to be essentially a reserve, which is not available to this type of insurance company as a deduction in computing net income.

The amount claimed in the return filed by the petitioner and allowed by the respondent was the result of a careful calculation based on the claims filed with it. An examiner investigated each claim, took into consideration a number of factors, listed in the stipulation, which might affect the amount of petitioner's liability and arrived at a sum that in his opinion the petitioner would be required to pay. These sums were totaled and the totals were listed by petitioner as the " unpaid losses " and approved by the respondent. In a case analogous on the facts, but arising under the different statutory provisions of the Revenue Act of 1918, deductions for losses calculated as in this case were allowed as " accrued but unpaid losses." *Ocean Accident & Guarantee Corporation, Ltd.* v. *Commissioner*, 47 Fed. (2d) 582.

We conclude that the method used by petitioner in reporting unpaid losses in its return was proper and that the method now advanced by it is not in accordance with the statute. The respondent's determination is affirmed.

*Decision will be entered for the respondent.*